THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. PHILIP BIRCH, RICHARD MEAD, RAY KIRK, ALL STATES NEWS COMPANY, INC., Respondents.— The People appeal from two orders of the Supreme Court, Queens County, entered September 6, 1963, (a) one of which granted defendants' motion insofar as it was to dismiss an indictment charging them with violations of section 1141 of the Penal Law and conspiracy to violate said section and (b) the other of which granted their motion to set aside a search warrant and to suppress evidence. Orders reversed, on the law; motions denied; and indictment reinstated. No questions of fact were considered. The indictment was dismissed on defendants' motion made on the ground that the books seized from defendants under a warrant were not obscene (*People* v. *Birch*, 40 Misc 2d 626). Defendants also moved to suppress the evidence on the ground that the seizure was invalid by reason of its excessiveness and the District Attorney consented "to a suppression and return of all books seized, the titles of which were not specifically enumerated in the search warrant." Defendants' motion to suppress was granted upon the sole ground that the indictment had been dismissed. We are of the opinion that upon trial the books seized from defendants might prove to be obscene. The "Memoirs of a Woman of Pleasure", popularly known as "Fanny Hill", was described on trial by some critics, writers and teachers of stature as having merit, and the Court of Appeals found that the book had "a slight literary value" (*Larkin* v. *Putnam's Sons*, 14 N Y 2d 399, 403). In the case before us, however, the learned Justice at Special Term found the books, though not obscene, to be "filled with lurid descriptions of sexual activities" and he characterized them as "unvarnished trash" and as "poor writings, bad in taste, profane, offensive and disgusting." He added that "The literary value of these books may be nil". Under these circumstances it would appear quite possible that by contemporary community standards the dominant theme of these books, or of some of them, when taken as a whole, might be found to appeal to the prurient interest of the average person (see *Roth* v. *United States*, 354 U. S. 476, 489). The Supreme Court of the United States has recently indicated that the manner in which material is presented to its potential audience is to be considered (*Ginzburg* v. *United States* 383 U. S. 463). In the present case some idea of the aim of the books may be gleaned from the illustrations and the blurbs on the covers. For instance, the legend in bold type on the back cover of the book called "Passion Pit" is, in part: "He plumbed the depths of depravity" and, in smaller type: "When pretty red-headed Laura Andrews invited David Bradley to a drunken brawl in her Greenwich Village apartment, he had no idea how sordid and depraved it could be. The abnormal people he met there and the shocking scenes he witnessed — and participated in — revolted and sickened him." The Supreme Court reiterated in *Jacobellis* v. *Ohio* (378 U. S. 184, 190) that the standard to be applied in these cases is a national one and that to be classified as obscene the material must be "'utterly without redeeming social importance'". While we hesitate to say that the books here fall within that definition, without affording defendants an opportunity to suggest what the importance of the material may be, we do not agree with the learned Justice at Special Term that these books have sufficient redeeming importance if they furnish escape literature to those who, as he puts it, "because of lack of education, the meanness of their social existence, or mental insufficiency, cannot cope with anything better." This much social significance must by definition be inherent

in literature which nevertheless has been proscribed by the Supreme Court as "utterly without redeeming social importance." In view of the foregoing, the action must be remitted for trial, particularly on the question of obscenity. We pass on no other question. Brennan, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.